UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TERRELL A. BERRY,

                              Plaintiff,            9:20-CV-0177
                                                           (DNH/TWD)
      v.

CORRECTIONAL OFFICER
C. TREMBLAY, SGT. FINNEL,
and FRANKLIN CORRECTIONAL
FACILITY,

                              Defendants.

---

APPEARANCES:

TERRELL A. BERRY
Plaintiff, pro se
19-A-2478
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

## I. INTRODUCTION

      On or about February 20, 2020, pro se plaintiff Terrell A. Berry ("Berry" or "plaintiff") commenced this by filing a complaint. Dkt. No. 1. Accompanying plaintiff's complaint was a completed inmate authorization form. Dkt. No. 2. However, plaintiff's submission did not include either (a) the required filing fee for commencing an action in this District or (b) a completed application to proceed in the action in forma pauperis ("IFP"). Accordingly, on February 24, 2020, the Court issued an Order closing the action and advising plaintiff that,

if he wished to pursue this action, he must comply with the filing fee requirements for commencing an action in this District. Dkt. No. 3 ("February Order") at 2.

On March 2, 2020, the Court received an IFP application from Berry.[1] Dkt. No. 4. The Clerk has forwarded plaintiff's IFP application to the Court for review.

## II. DISCUSSION

A civil action is commenced in federal district court "by filing a complaint with the court." Fed. R. Civ. P. 3. The filing fees must be paid at the time an action is commenced unless an IFP application is submitted to the Court. 28 U.S.C. §§ 1914(a), 1915(a).

Section 1915 of Title 28 of the United States Code "permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).

 "The purpose of 28 U.S.C. § 1915 is to insure that litigants will not be deprived of access to the judicial system because of their financial circumstances." *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984) (citing *Harlem River Consumers Co-op, Inc. v. Associated Grocers of Harlem, Inc.*, 71 F.R.D. 93, 96 (S.D.N.Y. 1976)).

Where a plaintiff seeks leave to proceed IFP, the Court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying the filing fee. 28 U.S.C. 1915(a)(1). "[T]he federal district courts are vested with especially broad discretion to deny state prisoners the privilege of proceeding IFP in civil actions against officials of the institution in which they are incarcerated." *Anderson v. Coughlin*, 700 F.2d 37,

---

[1] On the same date, the Court reopened the action. Dkt. No. 5.

42 (2d Cir. 1983).

As explained to Berry in the February Order, the statute governing a prisoner's application to proceed IFP in federal court, 28 U.S.C. § 1915, provides, in pertinent part, that an IFP request must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . ., obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).

In accordance with Rule 5.4 of the Local Rules of Practice for the Northern District of New York, a prisoner seeking IFP status in a civil action may satisfy the statutory requirements by submitting a completed, signed, and certified IFP application.  N.D.N.Y. L.R. 5.4(b)(1)(A).

A "certified" IFP application is one on which the certificate portion, at the bottom of page two of the form, has been completed and signed by an appropriate official at the plaintiff's facility.  The certificate portion of the application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months.  Accordingly, inmates requesting IFP status may either submit a completed, signed, and certified IFP application as provided in the local rules, or they may submit certified copies of their account statements for the six-month period immediately preceding the filing of a complaint as set forth in 28 U.S.C. § 1915(a)(2).[2]

Upon review, the Court finds that Berry has not complied with the February

---

[2]  Upon compliance with the filing fee requirements, the Court must consider plaintiff's request to proceed IFP in light of the "three strikes" provision of 28 U.S.C. § 1915(g) and, if appropriate, review the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e) and/or 28 U.S.C. § 1915A.

Order—plaintiff's IFP application has not been certified by an appropriate official at his facility, nor has plaintiff submitted copies of his inmate account statements for the six-months preceding the date he filed his complaint in this action. The Court cannot disregard these requirements because they are clearly set forth in mandatory terms by the statute in question. *See* 28 U.S.C. § 1915(a)(2) (providing that the prisoner "shall" submit the information).

However, in light of Berry's *pro se* status the Court will afford him a **final** opportunity to file a renewed IFP application or pay the filing fee of $400. If plaintiff wishes to renew his IFP application, he must, within 30 days of the date of this Decision and Order, submit either (1) a completed, signed, and certified IFP application; or (2) a completed and signed IFP application along with certified copies of his inmate account for the six-month period immediately preceding the filing of his complaint. If plaintiff fails to timely comply, this action will be dismissed without prejudice without further Order of the Court.

## III. **CONCLUSION**

Therefore, it is

ORDERED that

1. Plaintiff must, **within 30 days** of the filing date of this Decision and Order,

    (a) pay the $400.00 filing fee in full; or

    (b) submit a completed, signed, and certified IFP application; or

    (c) submit a completed and signed IFP application along with certified copies of his inmate account for the six-month period immediately preceding the filing of

his complaint;[3]

2. In the event plaintiff fails to timely comply with the filing fee requirements set forth in this Decision and Order, this action will be **dismissed without prejudice without further Order of this Court** and the Clerk shall close the case;

3. Upon plaintiff's compliance with this Decision and Order, the file shall be returned to the Court for further review; and

4. The Clerk shall serve a copy of this Decision and Order on plaintiff along with a blank IFP application.

IT IS SO ORDERED.

_____
United States District Judge

Dated: March 3, 2020
       Utica, New York.

---

[3] As noted above, certified account statements may be submitted in lieu of the completed Certificate portion of the IFP application. *See* 28 U.S.C. § 1915(a)(2).